BENEDICT v. McMURTRY.

(Supreme Court, Appellate Term.   March 5, 1909.)

PLEADING (§ 369*)—ELECTION BETWEEN DEFENSES.

It being incumbent on plaintiff, in an action on an oral contract to perform certain work at an agreed price, to prove both his contract and the agreed price, and that the work had been properly performed, defendant had the right to deny the making of the contract, or that, if made, it was as claimed by plaintiff, and he could further show that the work was not properly performed; and hence a denial of this right by a ruling of the trial court compelling him to elect on which defense he would stand was error.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1201; Dec. Dig. § 369.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Bernard Benedict against Alden L. McMurtry.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Hyman & Campbell, for appellant.

Nathan S. Jerome, for respondent.

PER CURIAM.   The plaintiff sued upon an express contract to perform certain work as a machinist in furnishing at an agreed price wrought brass castings for defendant, delivered to him for that purpose.   The answer to the amended complaint admits the delivery of the castings, demand, and nonpayment, and in other respects is a general denial.   On the trial defendant was allowed to amend, so as to allege affirmatively that the plaintiff had failed in the substantial performance of the contract.   When it came to the defense, the defendant testified that the castings had merely been sent to the plaintiff's place to store them, because he had no other place to put them, and denied that any instructions had been given to plaintiff to do any-. thing whatever on the castings.   The defendant then offered evidence for the purpose of showing—

"that the pieces of·brass produced on the trial as being the work of the plaintiff in conformity with the contract which plaintiff attempts to testify to, that those pieces of brass were not furnished by the plaintiff, as he has testified that they were, and as he alleges in his complaint, and as we deny in our answer."

This testimony the court excluded.   The court then said:

"I will ask you what theory you elect to try the case on—whether the work was not properly done under the agreement as testified to by the plaintiff, or that he had no right to do the work at all?"

And, upon defendant's counsel's request to be allowed to offer evidence on both of these issues, he compelled the defendant, upon plaintiff's motion, to elect upon which defense he would proceed.   The

defendant's counsel duly excepted to this ruling, and announced that he elected—

"to stand upon the defense on the question whether there was a contract or no contract, making the election solely on account of your honor's ruling."

The objection was taken at other times during the trial to the exclusion of evidence offered by the defendant on the same ground, in exceptions to the charge that the work was done, and on a motion to set aside the verdict based especially on the ruling which compelled this election.

The rulings thus excepted to constitute reversible error. The defendant was sued upon an alleged oral contract, setting forth five different items, with prices for each, and alleging that the work done upon these had been properly performed in accordance with plans and drawings furnished to him by defendant for that purpose. It was certainly incumbent upon the plaintiff to prove both his contract and the agreed price, and that the work therein had been properly performed. Defendant had a perfect right to deny that the contract was made at all, or, if so made, that it was made upon the figures claimed by plaintiff; and he had the further right to show, if he could, that the work was not properly performed. Upon both these points there might be questions of fact which a jury alone could decide, and upon both he was entitled to introduce evidence to go to the jury if it should be deemed sufficient. The denial of this right by the ruling of the court, which rendered it only necessary for the plaintiff to show an agreement to do work and then compel payment without regard to the manner of its performance, is unquestionably error.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.